**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30345 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00097-SEH |
| v. | |
| CURTIS RAY EDER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Curtis Ray Eder appeals from the 365-month sentence imposed following

his jury-trial conviction for second-degree murder, in violation of 18 U.S.C.

§§ 1153(a) and 1111, and assault resulting in serious bodily injury, in violation of

18 U.S.C. §§ 1153(a) and 113(a)(6). We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Eder first contends that the district court procedurally erred by failing to grant a two-point downward adjustment to his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. In light of the record before it, the district court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3E1.1 cmt. n.5; *United States v. Martinez-Martinez*, 369 F.3d 1076, 1088-89 (9th Cir. 2004).

Eder next contends that the district court erred by applying a two-level vulnerable victim enhancement under U.S.S.G. § 3A1.1(b)(1). Given the district court's finding that the victim was in a prone position when he was attacked, the court did not abuse its discretion in imposing the enhancement. *See United States v. Weischedel*, 201 F.3d 1250, 1254-55 (9th Cir. 2000). The district court did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Eder finally contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**